COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
35th JUDICIAL DISTRICT
DIVISION NO. _II_

CIVIL ACTION NO. 07-CI-_____5(11_____

GREG FANNIN and ROBIN FANNIN, his wife;
GLENN FRANCIS and DEBBIE FRANCIS,
his wife; CHAD STILTNER and JODI STILTNER,
his wife; TERRY STUMP and HEATHER
STUMP, his wife; and JEFFERY DOTSON and
TAMMY DOTSON, his wife                          PLAINITFFS


VS:                          **COMPLAINT**


ICG EAST KENTUCKY, LLC

    **Serve: Agent for Service of Process**
           **Corporation Service Company**
           **421 West Main Street**
           **Frankfort, Kentucky 40601**

FILED

MAY 0 1 2007

BY DAVID ⎯⎯⎯⎯S, CLERK
PIKE CIRCUIT/DISTRICT COURT
⎯⎯⎯⎯⎯⎯DC

AND

CLARK E. AKERS                          DEFENDANTS

    **Serve: Clark E. Akers**
           **6730 Robinson Creek Road**
           **Virgie, Kentucky 41572**


\* \* \* \* \* \* \* \* \*

    Come the plaintiffs, Individually, by and through counsel, and for their claims

against the defendants herein, jointly and/or severally, state as follows:

        1.      The plaintiffs, Greg Fannin and Robin Fannin, his wife, are and were at

all times relevant herein,  residents of Phelps, Pike County, Kentucky.

2.      The plaintiffs, Glenn Francis and Debbie Francis, his wife are and were at all times relevant herein, residents of Phelps, Pike County, Kentucky.

3.      The plaintiffs, Chad Stiltner and Jodi Stiltner, his wife, are and were at all times relevant herein,  residents of Phelps, Pike County, Kentucky.

4.      The plaintiffs, Terry Stump and Heather Stump, his wife, are and were at all times relevant herein, residents of Phelps, Pike County, Kentucky.

5.      The plaintiffs, Jeffery Dotson and Tammy Dotson, his wife, are and were at all times relevant herein, residents of Phelps, Pike County, Kentucky.

6.      That at all pertinent times herein defendant, ICG East Kentucky, LLC, was and now is a limited liability company under the laws of the State of Delaware, with its principal place of business in Kentucky at 2000 Ashland Drive, Ashland, Kentucky 41101.  Service may be had upon this defendant by serving Summons and a true copy of this Complaint to defendant's registered agent for service of process: Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

7.      That at all pertinent times herein defendant, Clark E. Akers, was and now is a resident of the Commonwealth of Kentucky, with an address of 6730 Robinson Creek, Virgie, Kentucky 41572.  Service may be had upon this defendant by serving Summons and a true copy of this Complaint to defendant's address of 6730 Robinson Creek, Virgie, Kentucky 41572.

8.      That at all times pertinent herein, the plaintiffs were the owners of tracts of land situated at or near Phelps, Kentucky, adjoining Kentucky Route 632 in

Pike County, Kentucky, together with all improvements thereon.  Said improvements include, but are not limited to, residential structures, garages, outside buildings, and/or other various improvements.   The various plaintiffs, and their claims for damages and/or other grievances against the defendants, jointly and severally, are listed herein.

9.      The defendant, ICG East Kentucky, LLC, is, and was at all times relevant times herein, engaged in operating a coal preparation plant, coal tipple, and railroad side track for the purpose of processing, loading and shipping of coal at Phelps, Pike County, Kentucky.

10.     The defendant, Clark E. Akers, is and was at all relevant times herein, the supervisor of the coal preparation plant, coal tipple and railroad side track owned, leased and/or being operated by the defendant, ICG East Kentucky, LLC at Phelps, Pike County, Kentucky.

## COUNT I

11.     The plaintiffs, Greg Fannin and Robin Fannin, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

12.     At all times pertinent herein, the plaintiffs, Greg Fannin and Robin Fannin, were the owners of a tract of land at or near Phelps, Pike County, Kentucky, together with all improvements thereon.

13.     At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Greg Fannin and Robin Fannin.

14.     The defendants, their agents, servants, and/or employees, jointly and/or severally,  while engaged in operating a coal preparation plant, coal tipple, and railroad

Page 3 of  22

side track, on land in close proximity to the above referenced property owned by the

plaintiffs, Greg Fannin and Robin Fannin, engaged in a method of operation that

caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive

volumes of dust and pollution which came onto the property of said plaintiffs, all to

the grievous discomfort of the plaintiffs, and that also prevented their sleep due to

noise and vibrations carried out by defendants in the middle of the night, all of which

constitutes nuisance to the plaintiffs with regard to the activities of the defendants,

jointly and/or severally, as a substantial annoyance or interference with the use and

enjoyment of a plaintiffs' property.

15.     And as a direct result of the defendants' actions, the plaintiffs and the

property of the plaintiffs has been damaged in an amount in excess of the jurisdictional

limit of this Court.

## COUNT II

16.     The plaintiffs, Glenn Francis and Debbie Francis, his wife, do hereby

adopt, incorporate, and reiterate each and every allegation contained hereinabove.

17.     That at all times pertinent herein, the plaintiffs, Glenn Francis and

Debbie Francis, were the owners of a tract of land situated at or near Phelps, Pike

County, Kentucky, together with all improvements thereon.

18.     That at all pertinent times herein, the aforementioned property was in

the possession, and/or control of the plaintiffs, Glenn Francis and Debbie Francis.

19.     That the defendants, their agents, servants, and/or employees, jointly

and/or severally, while engaged in operating a coal preparation plant, coal tipple, and

railroad side track, on land in close proximity to the above referenced property owned

by the plaintiffs, Glenn Francis and Debbie Francis, engaged in a method of operation

that caused excessive amounts of noise, vibrations of the plaintiffs' property, and

excessive volumes of dust and pollution which came onto the property of said

plaintiffs, all to the grievous discomfort of the plaintiffs, and that also prevented their

sleep due to noise and vibrations carried out by defendants in the middle of the night,

all of which constitutes nuisance to the plaintiffs with regard to the activities of the

defendants, jointly and/or severally, as a substantial annoyance or interference with the

use and enjoyment of a plaintiffs' property.

20.     And as a direct result of the defendants' actions, the plaintiffs and the

property of the plaintiffs has been damaged in an amount in excess of the jurisdictional

limit of this Court.

## COUNT III

21.     The plaintiffs, Chad Stiltner and Jodi Stiltner, his wife, do hereby

adopt, incorporate, and reiterate each and every allegation contained hereinabove.

22.     That at all times pertinent herein, the plaintiffs, Chad Stiltner and Jodi

Stiltner, were the owners of a tract of land situated at or near Phelps, Pike County,

Kentucky, together with all improvements thereon.

23.     That at all pertinent times herein, the aforementioned property was in

the possession, and/or control of the plaintiffs, Chad Stiltner and Jodi Stiltner.

24.     That the defendants, their agents, servants, and/or employees, jointly

and/or severally, while engaged in operating a coal preparation plant, coal tipple, and

railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Chad Stiltner and Jodi Stiltner, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, which disseminated through the surrounding atmosphere and pollution, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes nuisance to the plaintiffs with regard to the activities of the defendants, jointly and/or severally, as a substantial annoyance or interference with the use and enjoyment of a plaintiffs' property.

25.     And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

## COUNT IV

26.     The plaintiffs, Terry Stump and Heather Stump, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

27.     That at all times pertinent herein, the plaintiffs, Terry Stump and Heather Stump, were the owners of a tract of land situated at or near Phelps, Pike County, Kentucky, together with all improvements thereon.

28.     That at all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Terry Stump and Heather Stump.

29.     That the defendants, their agents, servants, and/or employees, jointly

and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Terry Stump and Heather Stump, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes nuisance to the plaintiffs with regard to the activities of the defendants, jointly and/or severally, as a substantial annoyance or interference with the use and enjoyment of a plaintiffs' property.

30. And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

### COUNT V

31 The plaintiffs, Jeffery Dotson and Tammy Dotson, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

32. That at all times pertinent herein, the plaintiffs, Jeffery Dotson and Tammy Dotson, were the owners of a tract of land situated at or near Phelps, Pike County, Kentucky, together with all improvements thereon.

33. That at all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Jeffery Dotson and Tammy Dotson.

34. That the defendants, their agents, servants, and/or employees, jointly

and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Jeffery Dotson and Tammy Dotson, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes nuisance to the plaintiffs with regard to the activities of the defendants, jointly and/or severally, as a substantial annoyance or interference with the use and enjoyment of a plaintiffs' property.

35.     And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

### COUNT VI

36.     The plaintiffs, Greg Fannin and Robin Fannin, his wife, do hereby adopt, incorporate and reiterate each and every allegation contained hereinabove.

37.     That at all times pertinent herein, the plaintiffs, Greg Fannin and Robin Fannin, were the owners of a tract of land situated at or near Phelps, Pike County, Kentucky, together with all improvements thereon.

38.     At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Greg Fannin and Robin Fannin.

39.     The defendants, their agents, servants, and/or employees, jointly and/or

severally, while engaged in operating a coal preparation plant, coal tipple, and railroad

side track, on land in close proximity to the above referenced property owned by the

plaintiffs, Greg Fannin and Robin Fannin, engaged in a method of operation that

caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive

volumes of dust and pollution which came onto the property of said plaintiffs, which

disseminated through the surrounding atmosphere and pollution, all to the grievous

discomfort of the plaintiffs, and that also prevented their sleep due to noise and

vibrations carried out by defendants in the middle of the night, all of which constitutes

trespass to the plaintiffs with regard to the  activities of the defendants, jointly and/or

severally, as a substantial annoyance or interference with the use and enjoyment of a

plaintiffs' property.

     40.    And as a direct result of the defendants' actions, the plaintiffs and the

property of the plaintiffs has been damaged in an amount in excess of the jurisdictional

limit of this Court.

### COUNT VII

     41.    The plaintiffs, Glenn Francis and Debbie Francis, his wife, do hereby

adopt, incorporate, and reiterate each and every allegation contained hereinabove.

     42.    At all pertinent times herein, the aforementioned property was in the

possession,  and/or control of the plaintiffs, Glenn Francis and Debbie Francis.

     43.    The defendants, their agents, servants, and/or employees, jointly and/or

severally,  while engaged in operating a coal preparation plant, coal tipple, and railroad

side track, on land in close proximity to the above referenced property owned by the

plaintiffs, Glenn Francis and Debbie Francis, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, which disseminated through the surrounding atmosphere and pollution, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes trespass to the plaintiffs with regard to the activities of the defendants, jointly and/or severally, as a substantial annoyance or interference with the use and enjoyment of a plaintiffs' property.

44.     And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

## COUNT VIII

45.     The plaintiffs, Chad Stiltner and Jodi Stiltner, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

46.     At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Chad Stiltner and Jodi Stiltner.

47.     The defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Chad Stiltner and Jodi Stiltner, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive

volumes of dust and pollution which came onto the property of said plaintiffs, which disseminated through the surrounding atmosphere and pollution, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes trespass to the plaintiffs with regard to the activities of the defendants, jointly and/or severally, as a substantial annoyance or interference with the use and enjoyment of a plaintiffs' property.

48.    And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

## COUNT IX

49.    The plaintiffs, Terry Stump and Heather Stump, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

50.    And as a direct result of the defendants' actions, the property of the plaintiffs have been damaged in an amount in excess of the jurisdictional limit of this Court.

51.    At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Terry Stump and Heather Stump.

52.    The defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Terry Stump and Heather Stump, engaged in a method of operation that

caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, which disseminated through the surrounding atmosphere and pollution, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes trespass to the plaintiffs with regard to the activities of the defendants, jointly and/or severally, as a substantial annoyance or interference with the use and enjoyment of a plaintiffs' property.

53. And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in excess of the jurisdictional limits of this Court.

**COUNT X**

54. The plaintiffs, Jeffery Dotson and Tammy Dotson, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

55. At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Jeffery Dotson and Tammy Dotson.

56. The defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Jeffery Dotson and Tammy Dotson, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, which

Page 12 of 22

disseminated through the surrounding atmosphere and pollution, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes trespass to the plaintiffs with regard to the activities of the defendants, jointly and/or severally, as a substantial annoyance or interference with the use and enjoyment of a plaintiffs' property.

57.     And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

## COUNT XI

58.     The plaintiffs, Greg Fannin and Robin Fannin, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

59.     At all times pertinent herein, the plaintiffs, Greg Fannin and Robin Fannin, were the owners of a tract of land at or near Phelps, Pike County, Kentucky, together with all improvements thereon.

60.     At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Greg Fannin and Robin Fannin.

61.     The defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Greg Fannin and Robin Fannin, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive

Page 13 of 22

volumes of dust and pollution which came onto the property of said plaintiffs, which

disseminated through the surrounding atmosphere and pollution, all to the grievous

discomfort of the plaintiffs, and that also prevented their sleep due to noise and

vibrations carried out by defendants in the middle of the night, all of which constitutes

negligence to the plaintiffs.

62.     And as a direct result of the defendants' actions, the plaintiffs and the

property of the plaintiffs has been damaged in an amount in excess of the jurisdictional

limit of this Court.

**COUNT XII**

63.     The plaintiffs, Glenn Francis and Debbie Francis, his wife, do hereby

adopt, incorporate, and reiterate each and every allegation contained hereinabove.

64.     At all times pertinent herein, the plaintiffs, Glenn Francis and Debbie

Francis, were the owners of a tract of land at or near Phelps, Pike County, Kentucky,

together with all improvements thereon.

65.     At all pertinent times herein, the aforementioned property was in the

possession, and/or control of the plaintiffs, Glenn Francis and Debbie Francis.

66.     The defendants, their agents, servants, and/or employees, jointly and/or

severally, while engaged in operating a coal preparation plant, coal tipple, and railroad

side track, on land in close proximity to the above referenced property owned by the

plaintiffs, Glenn Francis and Debbie Francis, engaged in a method of operation that

caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive

volumes of dust and pollution which came onto the property of said plaintiffs, which

Page 14 of 22

disseminated through the surrounding atmosphere and pollution, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes negligence to the plaintiffs.

67.     And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

### COUNT XIII

68.     The plaintiffs, Chad Stiltner and Jodi Stiltner, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

69.     At all times pertinent herein, the plaintiffs, Chad Stiltner and Jodi Stiltner, were the owners of a tract of land at or near Phelps, Pike County, Kentucky, together with all improvements thereon.

70.     At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Chad Stiltner and Jodi Stiltner.

71.     The defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Chad Stiltner and Jodi Stiltner, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, which disseminated through the surrounding atmosphere and pollution, all to the grievous

discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes negligence to the plaintiffs.

72.     And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

## COUNT XIV

73.     The plaintiffs, Terry Stump and Heather Stump, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

74.     At all times pertinent herein, the plaintiffs, Terry Stump and Heather Stump, were the owners of a tract of land at or near Phelps, Pike County, Kentucky, together with all improvements thereon.

75      At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Terry Stump and Heather Stump.

76.     The defendants, their agents, servants, and/or employees, jointly and/or severally,  while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Terry Stump and Heather Stump, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, which disseminated through the surrounding atmosphere and pollution, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and

Page 16 of  22

vibrations carried out by defendants in the middle of the night, all of which constitutes negligence to the plaintiffs.

77.     And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

## COUNT XV

78.     The plaintiffs, Jeffery Dotson and Tammy Dotson, his wife, do hereby adopt, incorporate, and reiterate each and every allegation contained hereinabove.

79.     At all times pertinent herein, the plaintiffs, Jeffery Dotson and Tammy Dotson, were the owners of a tract of land at or near Phelps, Pike County, Kentucky, together with all improvements thereon.

80.     At all pertinent times herein, the aforementioned property was in the possession, and/or control of the plaintiffs, Jeffery Dotson and Tammy Dotson.

81.     The defendants, their agents, servants, and/or employees, jointly and/or severally,  while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Jeffery Dotson and Tammy Dotson, engaged in a method of operation that caused excessive amounts of noise, vibrations of the plaintiffs' property, and excessive volumes of dust and pollution which came onto the property of said plaintiffs, which disseminated through the surrounding atmosphere and pollution, all to the grievous discomfort of the plaintiffs, and that also prevented their sleep due to noise and vibrations carried out by defendants in the middle of the night, all of which constitutes

negligence to the plaintiffs.

82.  And as a direct result of the defendants' actions, the plaintiffs and the property of the plaintiffs has been damaged in an amount in excess of the jurisdictional limit of this Court.

## COUNT XVI

83.  The plaintiffs, Greg Fannin and Robin Fannin, his wife, do hereby adopt, incorporate and reiterate each and every allegation contained hereinabove.

84.  The defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Greg Fannin and Robin Fannin, engaged in a method of operation that was done with such gross negligence, oppressive and reckless indifference to the rights of the plaintiffs, Greg Fannin and Robin Fannin, that such actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

85.  As such, the actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

## COUNT XVII

86.  The plaintiffs, Glenn Francis and Robin Francis, his wife, do hereby adopt, incorporate and reiterate each and every allegation contained hereinabove.

87.  The defendants, their agents, servants, and/or employees, jointly

and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Greg Fannin and Robin Fannin, engaged in a method of operation that was done with such gross negligence, oppressive and reckless indifference to the rights of the plaintiffs, Greg Fannin and Robin Fannin, that such actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

88.     As such, the actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

## COUNT XVIII

89.     The plaintiffs, Chad Stiltner and Jodi Stiltner, his wife, do hereby adopt, incorporate and reiterate each and every allegation contained hereinabove.

90.     That the defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Glenn Francis and Robin Francis, performed coal preparation activities that were done with such gross negligence, oppressive and reckless indifference to the rights of the plaintiffs, Glenn Francis and Robin Francis, that such actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

91.     As such, the actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

### COUNT XIX

92.     The plaintiffs, Terry Stump and Heather Stump, his wife, do hereby adopt, incorporate and reiterate each and every allegation contained hereinabove.

93.     That the defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Glenn Francis and Robin Francis, performed coal preparation activities that were done with such gross negligence, oppressive and reckless indifference to the rights of the plaintiffs, Glenn Francis and Robin Francis, that such actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

94.     As such, the actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

### COUNT XX

95.     The plaintiffs, Jeffery Dotson and Tammy Dotson, his wife, do hereby adopt, incorporate and reiterate each and every allegation contained hereinabove.

96.     That the defendants, their agents, servants, and/or employees, jointly and/or severally, while engaged in operating a coal preparation plant, coal tipple, and

railroad side track, on land in close proximity to the above referenced property owned by the plaintiffs, Glenn Francis and Robin Francis, performed coal preparation activities that were done with such gross negligence, oppressive and reckless indifference to the rights of the plaintiffs, Glenn Francis and Robin Francis, that such actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

97.   As such, the actions of the defendants are sufficient to entitle the plaintiffs to punitive damages against the defendants in a sum in excess of the jurisdictional limits of this Court.

**WHEREFORE**, the plaintiffs, respectively, pray for judgment individually as against the defendants, jointly and/or severally, as follows:

1.   Compensatory damages in an amount in excess of the jurisdictional limits of the Court and in accordance with the evidence;

2.   Punitive damages in an amount in excess of the jurisdictional limits of the Court;

3.   For a trial by jury;

4.   For their costs herein expended;

5.   For pre-judgment and post-judgment interest;

6.   And for any and all other relief to which each of the plaintiffs appear entitled.

Page 21 of 22

Respectfully submitted,

WILLIAM HICKMAN, III
Jones & Hickman, P.S.C.
P.O. Box 3850
Pikeville, Kentucky 41502
(606) 432-5777
(606) 432-5154 (fax)

*Counsel for the plaintiffs*